U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 NOV 21 PM 3:38

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

EDWARD J. LATIMER,[1]

   Plaintiff,

v.

UNITED STATES DEPARTMENT OF
DEFENSE,

   Defendant.

Case No. 2:24-cv-00249

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DISMISSING PLAINTIFF'S COMPLAINT, AND GRANTING IN PART LEAVE TO AMEND
(Docs. 4 & 5)

On March 4, 2024, self-represented Plaintiff Edward J. Latimer[1] filed a Complaint against Defendant United States Department of Defense (the "DOD") alleging the DOD is responsible under the Federal Tort Claims Act ("FTCA"), the Eighth Amendment, the "Massachusetts Wrongful Death Act," and "Vermont statute" for the negative health effects suffered by his father, who passed away on July 27, 1963, after he was allegedly exposed to toxic chemicals during his military service at Fort Devens in Massachusetts in the 1960s. (Doc. 5 at 6.) Plaintiff seeks $300 million in compensatory damages and $13 million in punitive damages.

On July 11, 2024, the Magistrate Judge issued a Report and Recommendation (the "R & R"), in which he recommended the court dismiss the Complaint without prejudice. Objections were due by July 25, 2024; none were filed. On August 7, 2024, Plaintiff filed an Amended Complaint.

---

[1] Although John F. Latimer is listed as a Plaintiff on the Complaint and also sought leave to proceed *in forma pauperis* ("IFP"), the Magistrate Judge denied his motion because only Plaintiff Edward J. Latimer signed the Complaint and filed a signed affidavit attesting to his financial eligibility for IFP status.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his six-page R & R, the Magistrate Judge carefully analyzed the factual allegations and potential causes of action in Plaintiff's Complaint and recommended dismissal of Plaintiff's federal claims based on sovereign immunity, the FTCA's statute of limitations, filing in the improper forum for an administrative claim against the DOD, lack of standing, and failure to adequately plead a claim for deprivation of his father's rights under the Eighth Amendment and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) by failing to name the individuals allegedly responsible for the injuries. The court agrees with this conclusion in the facts and circumstances of this case.

## LEAVE TO AMEND

The Second Circuit has cautioned that "[a] *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of*

*Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Amendment is futile where there is a substantive problem with a cause of action that cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

As the Magistrate Judge properly concluded, leave to amend would be futile with respect to the FTCA claim, which is barred by sovereign immunity. Better pleading will not cure these deficiencies. The court, however, GRANTS IN PART leave to amend the remaining claims. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").

Plaintiff is advised that a Second Amended Complaint, if filed, will supersede and completely replace the original Complaint and the Amended Complaint which was filed before this Opinion and Order. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted). An Amended Complaint must include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and the relief he seeks in numbered paragraphs. For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1. **Plaintiff must file his Second Amended Complaint by December 20, 2024, or this case will be dismissed.**

## CONCLUSION

For the foregoing reasons, the court ADOPTS the R & R (Doc. 4), DISMISSES Plaintiff's Complaint (Doc. 5), and GRANTS IN PART leave to file a Second Amended Complaint.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of November, 2024.

Christina Reiss, Chief Judge
United States District Court

4