UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

```
U.S. DISTRICT COURT
DISTRICT OF VERMONT
       FILED
    5/23/2023
BY_____LAW_____
  DEPUTY CLERK
```

EDWARD J. LATIMER,                    )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )        Case No. 2:24-cv-249
                                      )
UNITED STATES DEPARTMENT OF           )
DEFENSE; LLOYD J. AUSTIN, III,        )
                                      )
        Defendant.                    )

**ENTRY ORDER DISMISSING PLAINTIFF'S
SECOND AMENDED COMPLAINT AND DISMISSING CASE**
(Doc. 10)

On March 4, 2024, self-represented Plaintiff Edward J. Latimer[1] filed a Complaint against Defendant United States Department of Defense (the "DOD") alleging the DOD is responsible under the Federal Tort Claims Act ("FTCA"), the Eighth Amendment, the "Massachusetts Wrongful Death Act," and "Vermont statute" for the negative health effects suffered by his father, who passed away after he was allegedly exposed to toxic chemicals during his military service at Fort Devens in Massachusetts in the 1960s. (Doc. 5 at 6.) He also alleges harm suffered by two other service members.

On July 11, 2024, the Magistrate Judge issued a Report and Recommendation ("R & R"), in which he recommended the court dismiss the Complaint without prejudice. On August 7, 2024, Plaintiff filed an Amended Complaint. On November 21, 2024, the court adopted the R & R and granted limited leave to amend. The court determined that amendment with regard to the FTCA claim would be futile. Plaintiff was granted until December 20, 2024, to file a Second Amended Complaint ("SAC"). (Doc. 9 at 3.) On

---

[1] John F. Latimer is listed as a Plaintiff on the Complaint and also sought leave to proceed *in forma pauperis* ("IFP"); however, the Magistrate Judge denied his motion because only Plaintiff Edward J. Latimer signed the Complaint and filed a signed affidavit attesting to his financial eligibility for IFP status.

December 27, 2024, Plaintiff filed an SAC naming the DOD and Lloyd J. Austin, III as Defendants.[2] (Doc. 10.)

## I.    Allegations of Plaintiff's SAC.

Plaintiff alleges he files this case "under all Fed[e]ral Rules [r]egarding []28[] U.S[.]C[.]" (Doc. 10 at 1.) The case concerns his father Art J. Latimer, who, as a member of the Army National Guard, served at Camp Johnson, Vermont. Plaintiff asserts his father was called to active duty during the Cuban missile crisis and "ordered" to Fort Devens, Massachusetts where he was exposed to toxic chemicals. *Id.* Plaintiff alleges Fort Devens was listed as a Superfund site and that his father's health conditions were "aggravated by the time he was [stationed] in Fort Devens." *Id.* His father died on July 27, 1963.

Plaintiff alleges his father's death was a violation of the Eighth Amendment and asserts this case is not a tort claim action but is a wrongful death[3] claim under 42 U.S.C. § 1983. He seeks $300 million in compensatory damages and $13 million in punitive damages.

## II.    Conclusions of Law and Analysis.

### A.    28 U.S.C. § 1915(e)(2)(B) Standard of Review.

Under the IFP statute, the court is required to conduct an initial screening of a proposed Complaint. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss the Complaint if it determines that the action is "frivolous or malicious[,]" fails to state a claim on which relief can be granted, or seeks monetary relief "against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). Although the court must read a self-represented plaintiff's complaint liberally and construe it to raise the strongest arguments it suggests, *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam), "[d]ismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare

---

[2] Although John F. Latimer signed the SAC, he has not filed a signed affidavit attesting to his financial eligibility for IFP status.

[3] Vermont's wrongful death statute does not create an independent cause of action, but rather provides "a right of recovery to a decedent's estate based on the injury to the deceased." *Fortunati v. Campagne*, 681 F. Supp. 2d 528, 546 (D. Vt. 2009). Plaintiff does not bring his claim under Vermont law.

prospective defendants the inconvenience and expense of answering such complaints."
*Neitzke v. Williams*, 490 U.S. 319, 324 (1989). If subject matter jurisdiction is lacking,
the court cannot proceed further. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at
any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

All complaints must set forth the grounds for the court's subject matter jurisdiction
as well as "sufficient factual matter[] . . . to state a [plausible] claim" for relief. *Ashcroft
v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). In
determining whether a complaint states a claim, the court must "accept as true all of the
allegations contained in a complaint[.]" *Id.*; *see also* Fed. R. Civ. P. 8(a). "The
plausibility standard is not akin to a 'probability requirement,' but it asks for more than a
sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Self-
represented litigants must satisfy the plausibility standard set forth in *Iqbal*. *See Costabile
v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80-81 (2d Cir. 2020). "[T]he tenet that a
court must accept as true all of the allegations contained in a complaint is inapplicable to
legal conclusions." *Iqbal*, 556 U.S. at 678.

### B.     DOD's Sovereign Immunity.

Plaintiff's SAC does not allege a waiver of the DOD's sovereign immunity. As the
Magistrate Judge explained, "federal courts may not hear suits against the federal
government and its agencies unless sovereign immunity has been waived." (Doc. 4 at 2)
(citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). In
any action in which the United States, or one of its agencies, is named as a defendant, a
waiver of the government's sovereign immunity is a prerequisite to subject matter
jurisdiction. *See Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999); *Up State
Fed. Credit Union v. Walker*, 198 F.3d 372, 374 (2d Cir. 1999). For this reason, in the
absence of an allegation of a waiver of sovereign immunity, Plaintiff has failed to state a
claim against the DOD over which this court has subject matter jurisdiction. If subject
matter jurisdiction is lacking, the court cannot proceed further. *See* Fed. R. Civ. P.
12(h)(3); *see also Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) ("Once a
federal court determines it lacks subject matter jurisdiction, 'the court must dismiss the
complaint in its entirety.'") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

For the reasons stated above, Plaintiff's claims against the DOD must be
DISMISSED for lack of subject matter jurisdiction.

### C.    42 U.S.C. § 1983.

Under 42 U.S.C. § 1983, a claimant may bring suit against "[e]very person who,
under color of any statute . . . of any State . . . subjects, or causes to be subjected, . . .
[any] person within the jurisdiction [of the United States] to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. The
statute is "not itself a source of substantive rights" but rather provides "a method for
vindicating federal rights elsewhere conferred[.]" *Patterson v. Cnty. of Oneida, N.Y.*,
375 F.3d 206, 225 (2d Cir. 2004) (internal quotation marks omitted). As a result, § 1983
occupies a position of "primacy" in providing a "basis for securing redress for
constitutional violations[.]" *Pauk v. Bd. of Trs. of City Univ. of N.Y.*, 654 F.2d 856, 865
(2d Cir. 1981).

To state a claim under § 1983, a plaintiff "must allege (1) 'that some person has
deprived him of a federal right,' and (2) 'that the person who has deprived [the plaintiff]
of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir.
2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)) (alteration in original). It is
well-settled that § 1983 "is to be read in harmony with general principles of tort
immunities and defenses rather than in derogation of them." *Imbler v. Pachtman*,
424 U.S. 409, 418 (1976).

In his R & R, the Magistrate Judge recognized that Plaintiff may be seeking to
allege potential claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).
"In *Bivens*, the Supreme Court recognized an implied private action for damages against
federal officers alleged to have violated a citizen's constitutional rights." *McGowan v.
United States*, 825 F.3d 118, 123 (2d Cir. 2016) (internal quotation marks omitted). "[A]
plaintiff in a *Bivens* action is required to allege facts indicating that the defendants were
personally involved in the claimed constitutional violation." *Arar v. Ashcroft*, 585 F.3d
559, 569 (2d Cir. 2009).

In the SAC, Plaintiff names Lloyd J. Austin, III as a defendant. Plaintiff does not
indicate whether he seeks to bring claims against Mr. Austin in his official or individual

4

capacity, or both. Mr. Austin served as the Secretary of Defense from January 22, 2021 to January 20, 2025.

A claim asserted against an individual in his or her official capacity "is in effect a claim against the governmental entity itself, rather than a suit against the individual personally, for 'official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.]'" *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). As the court has determined that claims against the DOD are barred by sovereign immunity, Plaintiff may not bring claims against the Secretary of Defense in his official capacity. Stated another way, Plaintiff's claims against Mr. Austin or the current Secretary of Defense in their official capacity are also barred by sovereign immunity.

Construing Plaintiff's SAC liberally, it does not assert claims against Mr. Austin in his personal capacity because it does not contain allegations involving Mr. Austin and does not allege his personal involvement in the alleged constitutional or federal statutory violations. *See Terry v. N.Y.C. Dep't of Corr.*, 2012 WL 718555, at *2 (S.D.N.Y. Mar. 6, 2012) ("It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint" should be granted.).

The SAC also does not allege a *Bivens* claim against Mr. Austin in the absence of facts indicating that he was personally involved in an Eighth Amendment violation. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (explaining a "plaintiff bringing a claim under *Bivens* must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority" and "that the individual defendant was personally involved in the constitutional violation").

Finally, as the Magistrate Judge noted, Plaintiff does not have standing to bring a claim asserting constitutional injuries to his deceased father. *See* Doc. 4 at 5 n.3 (citing *Griffin v. Doe*, 71 F. Supp. 3d 306, 316-17 (N.D.N.Y. 2014) (finding that plaintiff did not

have standing to sue under *Bivens* for constitutional injuries allegedly suffered by her deceased daughter without any allegations that plaintiff's own constitutional rights were violated)).

As a result, Plaintiff's claims against Mr. Austin and the Secretary of Defense must be DISMISSED. Because Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff's SAC (Doc. 10) is DISMISSED. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(b)(6).

### D.     Leave to Amend.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). In this case, the court has already granted leave to amend, and Plaintiff has not requested a further opportunity to amend his pleading. The court therefore declines to grant leave to amend *sua sponte*. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004) (noting a district court does not "abuse[] its discretion in not permitting an amendment that was never requested").

### CONCLUSION

For the reasons stated above, upon review under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Second Amended Complaint (Doc. 10) is DISMISSED, and this case is DISMISSED. The court certifies that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 23rd day of May, 2025.

Christina Reiss, Chief Judge
United States District Court

6